UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO PEREZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GOMACRO, LLC,<br><br>　　　　　Defendant. | Case No.  25-cv-09890-PCP<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. Nos. 17, 19 |

Plaintiff Sergio Perez filed this putative state-law mislabeling and false advertising class action against defendant GoMacro, LLC in Monterey County Superior Court. GoMacro subsequently removed the case to federal court, asserting that this Court has jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2). Perez now moves to remand this case to state court for lack of jurisdiction under CAFA, and GoMacro moves to dismiss Perez's complaint for failure to state a claim. For the reasons that follow, GoMacro has not met its burden to establish this Court's jurisdiction. The Court therefore remands the action to Monterey County Superior Court. Because the Court lacks jurisdiction, the motion to dismiss is denied without prejudice to GoMacro's reassertion of any arguments therein in state court.

## BACKGROUND

GoMacro is a Wisconsin-based business that makes "MacroBars," which are plant-based snack bars that come in a variety of flavors. According to Perez's complaint, GoMacro misleadingly labels and markets its MacroBars as "high protein" snacks or "protein" bars, despite mostly containing carbohydrates and fats. Perez alleges that, "relying on [GoMacro]'s product labels, [he] purchased [MacroBars] believing that the bars were 'high protein' and that protein was the predominant macronutrient." And Perez alleges that, "based on [GoMacro]'s misrepresentations" about the protein content of MacroBars, he "paid a price premium for them

compared with other bars or snack food products."

Based on these allegations, Perez filed this action in Monterey County Superior Court, asserting claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*; False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*; Consumers Legal Remedies Act, Cal. Civil Code § 1750, *et seq.*; and for unjust enrichment. Perez seeks relief on behalf of a putative class of "[a]ll persons who purchased one or more of [GoMacro's] [m]isbranded [p]roducts in California and made his or her purchase at any time within the longest applicable limitations period." His complaint requests a variety of relief, including (1) "restitution in the amount of the premium that [he] and putative class members paid for the [m]isbranded [p]roducts as a result of [GoMacro's] misrepresentations"; (2) an injunction that would go into effect after the completion of current advertising campaigns and the exhaustion of its existing inventory and would prohibit GoMacro "in all future advertisements … from advertising [MacroBars] as being 'protein bars' or 'high protein' or referencing protein in the product name or description without … required disclosures"; and (3) "reasonable attorneys' fees and … costs."

GoMacro removed the action to federal court under CAFA, 28 U.S.C. § 1332(d)(2). Now before the Court are Perez's motion to remand and GoMacro's motion to dismiss.

## LEGAL STANDARDS

A defendant may remove a case from state court to federal court only if the federal court would have originally had subject matter jurisdiction over it. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). As relevant here, CAFA gives federal courts jurisdiction over class actions where there are at least 100 class members, at least one plaintiff is diverse in citizenship from any defendant, and the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2), (d)(5)(B); *see Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015).

In seeking removal under CAFA, the defendant bears the burden of establishing federal jurisdiction. *Ibarra*, 775 F.3d at 1197. The Ninth Circuit has made clear, however, that

2

courts must not permit a plaintiff "to prevent or delay removal by failing to reveal information showing removability" in the complaint. *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). So where a plaintiff's complaint "does not enumerate the [plaintiff]'s claimed damages ..., a removing defendant need only allege in its notice of removal that the amount in controversy requirement is met." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020). "Thereafter, the plaintiff can contest the amount in controversy by making either a 'facial' or 'factual' attack on the defendant's jurisdictional allegations." *Id.* "A 'facial' attack accepts the truth of the defendant's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Id.* (citation modified). "For a facial attack, the court, accepting the allegations as true and drawing all reasonable inferences in the defendant's favor, determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) (citation modified). By contrast, "a factual attack contests the truth of the allegations themselves." *Harris*, 980 F.3d at 699 (citation modified). "When a plaintiff mounts a factual attack, the burden is on the defendant to show, by a preponderance of the evidence, that the amount in controversy exceeds the ... jurisdictional threshold." *Id.*

### ANALYSIS

To determine whether removal was proper, the Court must assess whether this case satisfies CAFA's threshold requirements. It is uncontested that two of those three requirements are met. Because Perez is a citizen of California and GoMacro is a citizen of Wisconsin, "minimal diversity" exists. And because the proposed class includes all California consumers who purchased MacroBars "at any time within the longest applicable limitations period," a group that undisputedly exceeds 100 individuals, the class size requirement is also met. The parties disagree, however, about whether the amount in controversy exceeds $5 million.

Perez's complaint "does not enumerate" the monetary relief he seeks. As a result, to satisfy its initial burden of establishing this Court's jurisdiction, GoMacro needed only to "allege in its notice of removal that the amount in controversy requirement is met." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020). GoMacro did so. But Perez now launches a facial attack,

3

arguing that the factual allegations in GoMacro's notice of removal are insufficient to establish CAFA jurisdiction. The Court therefore must assess whether, drawing all reasonable inferences in GoMacro's favor, the notice of removal plausibly alleges that the amount in controversy exceeds $5 million. *See Salter*, 974 F.3d at 964.

Because the notice of removal contains nothing more than conclusory allegations concerning the amount in controversy, it is facially deficient. GoMacro argues that the amount in controversy should be calculated based on (1) the amount of restitution Perez seeks, (2) the cost to GoMacro of complying with Perez's requested injunctive relief, and (3) the amount of a possible award of attorney's fees. As to restitution, the notice states that "[b]ased on Defendant's business records" the "amount of the price premium Plaintiff and other putative class members paid" for the subject products "exceeds $5,000,000." As to the cost of injunctive relief, the notice states in general terms that "[t]he costs to comply with an injunction could potentially be significant." And as to attorneys' fees, the notice offers only that "the inclusion of attorneys' fees would further increase the amount in controversy." Such unsupported and general conclusions do not suffice to establish federal jurisdiction. *See Corral v. Select Portfolio Serv'g, Inc.*, 878 F.3d 770, 774 (9th Cir. 2017).

That GoMacro's notice of removal is deficient does not end the inquiry. Even when "the 30-day removal period has run, 'the removal petition can[] be thereafter amended … to clarify 'defective' allegations of jurisdiction previously made.'" *Prado v. Dart Container Corp.*, 373 F. Supp. 3d 1281, 1287 (N.D. Cal. 2019) (quoting *Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir. 1969)). And the Court may "construe[] an opposition to a motion to remand as an amendment to a notice of removal." *Selker v. Xcentric Ventures, LLC*, No. 3:22-CV-00393, 2023 WL 2316200, at *6 (S.D. Cal. Mar. 1, 2023) (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)). Here, GoMacro's opposition to Perez's motion to remand includes more detailed allegations concerning the amount in controversy, supported by a declaration from GoMacro's Vice President of Finance. The Court therefore construes the opposition as an amendment to GoMacro's notice of removal that seeks to cure GoMacro's defective jurisdictional allegations.

Even accounting for GoMacro's opposition, however, GoMacro has not plausibly alleged

that this Court has jurisdiction under CAFA. That is because none of the additional allegations in GoMacro's opposition or the supporting declaration of its Vice President of Finance support a reasonable inference that the amount in controversy in this case exceeds $5 million.

As to the possible amount of restitution, GoMacro's Vice President attests that the company's revenue from sales of the subject products in California during the relevant period totaled $34.7 million. Accepting that figure as accurate, it follows that if the "price premium" Perez seeks in restitution could plausibly exceed 15% of the subject products' overall cost, the amount in controversy would exceed $5 million. Yet GoMacro provides no basis to conclude that the "price premium" will exceed 15%. It simply notes that Perez "has not yet indicated how he intends to calculate his 'price premium' claim." While GoMacro has no obligation to prove Perez's restitution claim for him, *see Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1042 (N.D. Cal. 2014), its allegations as to the amount in controversy must rely on "reasonable assumptions," not mere conjecture, *see Ibarra*, 775 F.3d at 1197–98. Because GoMacro offers no explanation for its assumption that "high protein" labels would result in a 15% price premium, its allegation to that effect is not plausible. *Cf. Bruno v. Dr. Squatch, LLC*, No. 2:24-CV-07798-JLS-JC, 2024 WL 5182414, at *5 (C.D. Cal. Dec. 19, 2024) (finding a "[d]efendant's use of a 3% price premium" in alleging CAFA jurisdiction to be reasonable where defendant showed that it "accords with those calculated in other class actions involving [similar] label statements").

As to the cost of compliance with any injunctive relief, GoMacro's opposition provides no specific estimate to supplement the notice of removal's assertion that such cost "could be potentially significant." GoMacro asserts only that it "is entitled to aggregate the costs it will face from complying with any requested injunctive relief." But without any estimate of what those aggregated costs will be, the possibility of aggregation alone does not plausibly suggest that the cost to comply with injunctive relief will exceed (or even approach) $5 million.

As to attorneys' fees, GoMacro's opposition contends that attorneys' fees in this case may exceed $2 million, pointing to two class actions in which district courts in California awarded class counsel $2.9 million and $3.6 million in fees, respectively. *See Forcellati v. Hyland's, Inc.,* No. 2:12-CV-01983, 2017 WL 6514678, at *2 (C.D. Cal. Aug. 14, 2017); *Winans v.*

*Emeritus Corp.*, No. 13-cv-03962-HSG, 2016 WL 107574, at *8 (N.D. Cal. Jan. 11, 2016). But it is not reasonable to assume that attorneys' fees in *every* class action will be similar, and GoMacro offers no other reason to assume that attorneys' fees in *this* action will be similar to those in the cited cases. Indeed, those cases involved very different facts and legal issues and facts— *Forcellatti* was a consumer class action involving various products to treat children's ailments (like cough, cold, flu, and earache), *See* 2017 WL 6514678, at *1, while *Winans* concerned misleading representations as to staffing levels in assisted living facilities, *see* 2016 WL 107574, at *1–2. Without more explanation, GoMacro's estimate as to attorneys' fees is also implausible. *See Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 914 (N.D. Cal. 2020) (rejecting fee estimate based on award in prior case involving the same subject matter where defendants did not "compare or contrast the litigation strategies or the litigation timelines of the two cases"); *Harville v. Richman Prop. Servs, Inc.*, 2024 WL 4557665, at *4 (C.D. Cal. Oct. 22, 2024) (similar).

The Court therefore concludes that neither GoMacro's notice of removal nor its opposition to Perez's motion to remand plausibly alleges that the amount in controversy exceeds $5 million. GoMacro therefore has not established that this Court has jurisdiction under CAFA.

The Court will not, however, grant Perez's request for an award of attorney's fees. While 28 U.S.C. § 1447(c) authorizes district courts to require payment of attorney's fees incurred as a result of removal, doing so is appropriate only in limited circumstances. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Perez argues that this is such a circumstance because GoMacro "lacked an objectively reasonable basis for seeking removal," *Martin*, 546 U.S. at 141, and did so only to prolong the litigation. The Court disagrees. Although GoMacro's jurisdictional allegations and arguments fail, they are not objectively unreasonable, and nothing in the record suggests that GoMacro removed this case in bad faith.

**CONCLUSION**

For the foregoing reasons, Perez's motion to remand is GRANTED. The Court remands this case to Monterey County Superior Court. Because the Court lacks jurisdiction, GoMacro's motion to dismiss is denied without prejudice to the reassertion of any arguments therein in state

6

court.

**IT IS SO ORDERED.**

Dated: March 13, 2026

_____
P. Casey Pitts
United States District Judge

United States District Court
Northern District of California